### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JORGE ROJAS,** on behalf of himself and all others similarly situated, | Civil Case No.: |
| *Plaintiff*, | |
| v. | |
| **TAX RELIEF HELPERS, INC.** | |
| *Defendant*. | |

## CLASS ACTION COMPLAINT

## INTRODUCTION

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      The Plaintiff alleges that Tac Relief Helpers, Inc. ("Defendant" or "Tax Relief") made unsolicited pre-recorded telemarketing calls to their cellular telephone numbers and other telephone numbers charged per call.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

4.      This Court has jurisdiction over Tax Relief because Tax Relief (1) made the telemarketing calls at issue from this District, (2) conducts business transactions in this District.

5.      Venue is proper in this District because the calls were directed into this District.

## PARTIES

6.      Plaintiff Joreg Rojas ("Mr. Rojas") is, and at all times mentioned herein was, a citizen and resident of Dupage County.

7.      Mr. Rojas is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8.      Defendant Tax Relief Helpers, Inc. is a California corporation that makes calls into this District.

## TCPA BACKGROUND

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

10.     The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls.  *See* 47 U.S.C. § 227, *et seq*.; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

2

11.     Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party.  *See* 47 U.S.C.  § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

12.     "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."  47 C.F.R. § 64.1200(f)(12).

13.     "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8).

## FACTUAL ALLEGATIONS

### Plaintiff Rojas's Allegations

14.     Plaintiff's telephone number is (312) 627-XXXX.

15.     That number is assigned to a telephone service that is charged per the call.

16.     The Plaintiff never consented to receive telemarketing calls from the Defendant.

17.     The Plaintiff never did any business with the Defendant.

18.     Despite that, Defendant made pre-recorded telemarketing calls to the Plaintiff on at least June 18, 2024 (twice)

19.     All of the calls followed the same pre-recorded telemarketing script.

3

20.     They started with a pre-recorded message inquiring with the "National Tax Assistance Group" and permitted the caller to "press 1" to receive a call back.

21.     The call was clearly pre-recorded because (a) the voice sounded like a robot (b) there was a delay prior to the message being played (c) the recording allowed the call recipient to press a button.

22.     On the final call, the Plaintiff pressed 1 to receive a call back.

23.     He spoke with "Don Moss" who offered the Defendant's tax relief services.

24.     Mr. Moss then sent a text message to the Plaintiff that said "Don Moss Tax Relief Helpers 214-281-8577."

## Class Action Allegations

25.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

26.     The class of persons Plaintiff propose to represent is tentatively defined as:

**TCPA Pre-recorded Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call Plaintiff

This is referred to as the "Class".

27.     Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

28.     The Class as defined above are identifiable through phone records and phone number databases.

4

29.     The potential members of the Class number at least in the thousands.

30.     Individual joinder of these persons is impracticable.

31.     There are questions of law and fact common to Plaintiff and to the proposed

Class, including but not limited to the following:

(a)  whether Defendant systematically made pre-recorded calls to class members;

(b)  whether Defendant made calls to Plaintiff and members of the Class without
      first obtaining prior express written consent to make the calls;

(c)  whether Defendant's conduct constitutes a violation of the TCPA; and

(d)  whether members of the Class are entitled to treble damages based on the
      willfulness of Defendant's conduct.

32.     Plaintiff's claims are typical of the claims of members of the Class.

33.     Plaintiff are an adequate representative of the Class because her interests do not

conflict with the interests of the Class, he will fairly and adequately protect the interests of the

Class, and he will be represented by counsel skilled and experienced in class actions, including

TCPA class actions.

34.     Common questions of law and fact predominate over questions affecting only

individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class

members, which will be ascertainable from records maintained by Defendant and/or its agents.

35.     The likelihood that individual members of the Class will prosecute separate

actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the TCPA Pre-recorded Class)**

36.     Plaintiff repeat the prior allegations of this Complaint and incorporates them by reference herein.

37.     Defendant and/or its agents transmitted unwanted telephone calls to Plaintiff and the other members of the TCPA Pre-recorded No Consent Class using a pre-recorded voice message.

38.     These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the TCPA Pre-recorded Class

39.     The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the TCPA Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representatives of the Class;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

6

E.      An award to Plaintiff and the Class of damages, as allowed by law; and

F.      Orders granting such other and further relief as the Court deems necessary, just,

and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Plaintiff,
By his attorneys,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com