## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JORGE ROJAS, on behalf of himself and all others similarly situated, | Case No. 1:24-cv-05166 |
|    Plaintiff, | Honorable Elaine E. Bucklo |
| v. | |
| TAX RELIEF HELPERS, INC., | |
|    Defendant. | |

## DEFENDANT TAX RELIEF HELPERS, INC.'s ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF's CLASS ACTION COMPLAINT

Defendant Tax Relief Helpers, Inc. ("TRH" or "Defendant"), by and through its counsel, and for its Answer to Plaintiff's Class Action Complaint, states as follows:

## INTRODUCTION

1.  As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

**Answer:**  Defendant admits that Plaintiff purports to interpret or paraphrase the TCPA, but denies that Plaintiff has any such claims. Defendant further denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize the contents of the TCPA (or the Supreme Court's opinion), and denies the remaining allegations in this paragraph, if any.

1

2.      The Plaintiff alleges that Tac[sic] Relief Helpers, Inc. ("Defendant" or "Tax Relief") made unsolicited pre-recorded telemarketing calls to their cellular telephone numbers and other telephone numbers charged per call.

**Answer:**      Defendant admits that Plaintiff's Complaint purports to allege Defendant engaged in a telemarketing campaign, but denies that any violations occurred, denies that Plaintiff or any other alleged individuals have incurred an injury in fact, and denies that Plaintiff is entitled to any relief.  Defendant denies all remaining allegations contained in this paragraph.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

**Answer:**      Subject to its affirmative defenses, Defendant admits that Plaintiff purports to bring claims pursuant to the TCPA, and that this Court could therefore have general jurisdiction over claims arising under 28 U.S.C. § 1331.  Defendant, however, denies that Plaintiff has any such claims.

4.      This Court has jurisdiction over Tax Relief because Tax Relief (1) made the telemarketing calls at issue from this District, (2) conducts business transactions in this District.

**Answer:**      Subject to its affirmative defenses, Defendant admits that Plaintiff purports to bring claims pursuant to the TCPA and that this Court could therefore have jurisdiction over claims arising out of telemarketing calls allegedly placed to Plaintiff.  Defendant, however, denies that Plaintiff has any such claims.

5.      Venue is proper in this District because the calls were directed into this District.

**Answer:**      Subject to its affirmative defenses, Defendant does not contest venue.

///

**PARTIES**

6.     Plaintiff Joreg [sic] Rojas ("Mr. Rojas") is, and at all times mentioned herein was, a citizen and resident of Dupage County.

**Answer:**     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph.

7.     Mr. Rojas is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**Answer:**     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph.

8.     Defendant Tax Relief Helpers, Inc. is a California corporation that makes calls into this District.

**Answer:**     Defendant admits that it is a California corporation, but denies any suggestion that its calls violate the TCPA or any other statute.

**TCPA BACKGROUND**

9.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

**Answer:**     Defendant admits that the allegations in this paragraph purport to interpret or paraphrase the TCPA but denies that Plaintiff and/or any other individuals have any such claims. Defendant further denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize the contents of the TCPA.

3

10.     The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

**Answer:**     Defendant admits that the allegations in this paragraph purport to interpret or paraphrase the TCPA but denies that Plaintiff and/or any other individuals have any such claims. Defendant further denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize the contents of the TCPA.

11.     Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

**Answer:**     Defendant admits that the allegations in this paragraph purport to interpret or paraphrase the TCPA and related federal regulations, but denies that Plaintiff and/or any other individuals have any such claims.  Defendant further denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize the contents of the TCPA and the cited federal regulations.

12.     "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

**Answer:**     Defendant admits that the allegations in this paragraph purport to interpret or paraphrase the TCPA and related federal regulations, but denies that Plaintiff and/or any other individuals have any such claims.  Defendant further denies any allegations in the above paragraph

that misrepresent, misquote, or mischaracterize the contents of the TCPA and the cited federal regulations.

13.     "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

     **Answer:**     Defendant admits that the allegations in this paragraph purport to interpret or paraphrase the TCPA and related federal regulations, but denies that Plaintiff and/or any other individuals have any such claims. Defendant further denies any allegations in the above paragraph that misrepresent, misquote, or mischaracterize the contents of the TCPA and the cited federal regulations.

## FACTUAL ALLEGATIONS

**Plaintiff Rojas's Allegations**

14.     Plaintiff's telephone number is (312) 627-XXXX.

     **Answer:**     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph.

15.     That number is assigned to a telephone service that is charged per the call.

     **Answer:**     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph.

16.     The Plaintiff never consented to receive telemarketing calls from the Defendant.

5

**Answer:**       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendant denies those allegations.

17.       The Plaintiff never did any business with the Defendant.

**Answer:**       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendant denies those allegations.

18.       Despite that, Defendant made pre-recorded telemarketing calls to the Plaintiff on at least June 18, 2024 (twice).

**Answer:**       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendant denies those allegations.

19.       All of the calls followed the same pre-recorded telemarketing script.

**Answer:**       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendant denies those allegations.

20.       They started with a pre-recorded message inquiring with the "National Tax Assistance Group" and permitted the caller to "press 1" to receive a call back.

**Answer:**       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendant denies those allegations.

21.       The call was clearly pre-recorded because (a) the voice sounded like a robot (b) there was a delay prior to the message being played (c) the recording allowed the call recipient to press a button.

**Answer:**       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendant denies those allegations.

22.       On the final call, the Plaintiff pressed 1 to receive a call back.

      **Answer:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Therefore, Defendant denies those allegations.

23.     He spoke with "Don Moss" who offered the Defendant's tax relief services.

      **Answer:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Therefore, Defendant denies those allegations.

24.     Mr. Moss then sent a text message to the Plaintiff that said "Don Moss Tax Relief Helpers 214-281-8577."

      **Answer:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Therefore, Defendant denies those allegations.

## CLASS ACTION ALLEGATIONS

25.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

      **Answer:**      Defendant admits Plaintiff seeks to represent putative classes but denies Plaintiff is entitled to class certification, denies such relief is proper, and denies any class can be certified. Defendant denies any remaining allegations in the above paragraph.

26.     The class of persons Plaintiff propose to represent is tentatively defined as:

> **TCPA Pre-recorded Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call Plaintiff.

This is referred to as the "Class."

7

**Answer:**        Defendant admits Plaintiff seeks to represent the putative class but denies Plaintiff is entitled to class certification, denies such relief is proper, and denies any class can be certified.  Defendant denies any remaining allegations in the above paragraph.

27.        Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**Answer:**        Defendant admits Plaintiff seeks to represent the putative class but denies Plaintiff is entitled to class certification, denies such relief is proper, and denies any class can be certified.  Defendant denies any remaining allegations in the above paragraph.

28.        The Class as defined above are identifiable through phone records and phone number databases.

**Answer:**        Defendant denies the allegations in the above paragraph.

29.        The potential members of the Class number at least in the thousands.

**Answer:**        Defendant denies the allegations in the above paragraph.

30.        Individual joinder of these persons is impracticable.

**Answer:**        Defendant denies the allegations in the above paragraph.

31.        There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   a.   whether Defendant systematically made pre-recorded calls to class members;

   b.   whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

   c.   whether Defendant's conduct constitutes a violation of the TCPA; and

    d.   whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**Answer:**    Defendant denies the allegations in the above paragraph.

32.    Plaintiff's claims are typical of the claims of members of the Class.

**Answer:**    Defendant denies the allegations in the above paragraph.

33.    Plaintiff are an adequate representative of the Class because her interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he will be represented by counsel skilled and experienced in class actions, including TCPA class actions.

**Answer:**    Defendant denies the allegations in the above paragraph.

34.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**Answer:**    Defendant denies the allegations in the above paragraph.

35.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**Answer:**    Defendant denies the allegations in the above paragraph.

///

///

///

///

///

**FIRST CAUSE OF ACTION**

**Telephone Consumer Protection Act**

**Telephone Consumer Protection Act [sic]**

**(Violation of 47 U.S.C. § 227)**

**(On Behalf of Plaintiff and the TCPA Pre-recorded Class)**

36.     Plaintiff repeat the prior allegations of this Complaint and incorporates them by reference herein.

**Answer:**     Defendant admits that Plaintiff purports to incorporate the preceding paragraphs of the Complaint.

37.     Defendant and/or its agents transmitted unwanted telephone calls to Plaintiff and the other members of the TCPA Pre-recorded No Consent Class using a pre-recorded voice message.

**Answer:**     Defendant denies the allegations in the above paragraph.

38.     These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the TCPA Pre-recorded Class.

**Answer:**     Defendant denies the allegations in the above paragraph.

39.     The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the TCPA Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**Answer:**     Defendant denies the allegations in the above paragraph. Further, Defendant specifically denies that it is liable to Plaintiff or to any classes of persons for any claim described in the Complaint and denies that they are entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Certification of the proposed Class;

B.      Appointment of Plaintiff as representatives of the Class;

C.      Appointment of the undersigned counsel as counsel for the Class;

D.      A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.      An award to Plaintiff and the Class of damages, as allowed by law; and

F.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Answer:**      Defendant denies that Plaintiff or any member of the putative class is entitled to any of the relief prayed for in the Complaint.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Answer:**      Defendant admits that Plaintiff demands a jury trial on all triable issues. Defendant objects to a jury trial on any claims for equitable relief and all other issues to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of its investigation, discovery,

preparation for trial, or otherwise, it becomes appropriate to assert such defenses, Defendant alleges the following affirmative defenses.

### First Affirmative Defense

### (Prior Express Consent)

The Complaint and the causes of action therein are barred to the extent that Plaintiff provided prior express consent for the alleged calls.

### Second Affirmative Defense

### (Prior Express Invitation or Permission)

The Complaint and the causes of action therein are barred to the extent that Plaintiff provided prior express invitation or permission for the alleged calls.

### Third Affirmative Defense

### (Established Business Relationship)

The Complaint and the causes of action therein are barred to the extent that Plaintiff made an inquiry or application within the three months immediately preceding the date of the alleged calls and the relationship was not terminated.

### Fourth Affirmative Defense

### (Good Faith and Bona Fide Error)

The Complaint and the causes of action therein are barred because Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c).

///

///

///

**Fifth Affirmative Defense**

**(Unconstitutional Content-Based Restriction on Speech)**

The TCPA's prohibitions on calls made using an ATDS or an artificial or prerecorded voice contravene the First Amendment because they are content-based restrictions on speech.

**Sixth Affirmative Defense**

**(Unconstitutional Vagueness and Overbreadth)**

Interpretations of the TCPA upon which Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

**Seventh Affirmative Defense**

**(Excessive Penalties, Due Process)**

The statutory penalties sought by Plaintiff and members of any putative class are excessive and thus violate the Due Process Clause of the United States Constitution, and the Due Process provision of the United States Constitution.

**Eighth Affirmative Defense**

**(Bad Faith/Unclean Hands)**

Plaintiff and his agents, if any, acted in bad faith and with unclean hands based on all relevant facts, law, and circumstances known by them. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

///

///

///

**Ninth Affirmative Defense**

**(Waiver and Estoppel)**

Plaintiff and members of any putative class have waived their right to recover herein, in whole or in part, and/or their claims are barred by estoppel.

**Tenth Affirmative Defense**

**(Comparative Fault)**

Any damages sustained by Plaintiff or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

**Eleventh Affirmative Defense**

**(Third-Party Acts)**

Any alleged injury or damage sustained by Plaintiff or members of any putative class were caused, in whole or in part, by the conduct of third parties (i) who were not acting as Defendant's agents, and/or (ii) which was not ratified by Defendant. Moreover, there is no vicarious liability as to Defendant.

**Twelfth Affirmative Defense**

**(Indemnity and Contribution)**

Defendant cannot be held liable for any of Plaintiff's damages pursuant to an indemnity and contribution agreement.

**Reservation of Rights**

Defendant reserves the right to raise additional affirmative defenses to which it may be entitled, or which may be developed in the course of discovery, including additional unique

affirmative defenses applicable to different putative class members of Plaintiff's proposed class. Defendant reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## PRAYER

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief sought, and denies that any class can be certified here. Defendant respectfully requests that the Court:

1. Dismiss the Complaint with prejudice and enter judgment for Tax Relief Helpers, Inc.;

2. Dismiss the class claims;

3. Award Defendant its expenses incurred in defending this action, including but not limited to its attorneys' fees and costs; and

4. Grant such other and further relief as the Court deems just and proper.

DATED:  August 25, 2024                              Respectfully submitted,

**TAX RELIEF HELPERS, INC.**


By:     */s/ Kevin J. Cole*
        Kevin J. Cole, Esq. (kevin@kjclawgroup.com)
        **KJC LAW GROUP, A.P.C.**
        20 N. Clark Street, Suite 3300
        Chicago, Illinois 60602
        Telephone: (310) 861-7797

        *Attorneys for Defendant*
        *Tax Relief Helpers, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I, Kevin J. Cole, an attorney, certify that I electronically filed the foregoing Answer and Affirmative Defenses to Plaintiff's Class Action Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record on this 25th day of August, 2024.

By:    */s/ Kevin J. Cole*
           Kevin J. Cole, Esq. (kevin@kjclawgroup.com)
           **KJC LAW GROUP, A.P.C.**