# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JORGE ROJAS,** on behalf of himself and all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **TAX RELIEF HELPERS, INC.** <br><br> *Defendant*. | Case No. 1:24-cv-05166 <br><br> Hon. Elaine Bucklo |

## JOINT REPORT OF PARTIES' PLANNING MEETING

Pursuant to this Court's June 26, 2024 Order (ECF No. 3), the plaintiff Jorge Rojas and defendant Tax Relief Helpers, Inc. ("Tax Relief Helpers" or "Defendant") submit joint report of the parties' planning meeting.

1. **Meeting**

   Pursuant to FED. R. CIV. P. 26(f), a meeting was held between the parties and attended by:

   | Plaintiff | Defendant |
   |---|---|
   | Anthony I. Paronich | Kevin J. Cole |
   | Paronich Law, P.C. | KJC Law Group, A.P.C. |
   | 350 Lincoln Street, Suite 2400 | 9701 Wilshire Blvd., Suite 1000 |
   | Hingham, MA 02043 | Beverly Hills, CA 90212 |
   | (508) 221-1510 | (310) 861-7797 |

2. **Pretrial Schedule**

   The parties jointly propose to amend pleadings and add parties by: **January 24, 2025**

3. **Discovery**

Discovery will be needed on the following subjects:

**<u>Plaintiff's Perspective:</u>**

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support his anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on their behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto.

The Plaintiff opposes any bifurcated discovery. Indeed, this Court recently denied a similar request to bifurcate discovery in a TCPA case. *See Zielonksi v. eHealth Insurance Services, Inc.*, Civil Action No. 23-cv-16406, ECF No. 29 (July 12, 2024) (Bucklo, J.). This is with good reason in a TCPA case as another Court ruled in this District last year:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). Tax Relief has also not shown why the Plaintiff's claim differs in any material way from the claims of putative class members.

**Defendant's Perspective:**

**Phasing/Modifications:** Defendant respectfully submits that discovery should be conducted in two separate phases: (i) discovery into Plaintiff's individual claims; and (ii) class discovery (i.e., discovery into the appropriateness of class certification if Plaintiff's claims proceed). Phasing discovery in this manner would allow the Court to resolve the merits of Plaintiff's individual claims and avoid burdensome class discovery if those individual claims prove meritless. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of evidence at the summary judgment stage" will protect defendants from incurring enormous discovery costs); *Harris v. comScore, Inc.*, No. 11 CV 5807, 2012 WL 686709, at *3 (N.D. Ill. Mar. 2, 2012) (bifurcating discovery in a class action and noting that "the 2003 Advisory Committee Notes to Rule 23 recognize that bifurcation is often appropriate").

**Summary of Subjects of Discovery:** Defendant anticipates discovery necessary to support (i) the merits of and defenses against Plaintiff's TCPA claims individually; and (ii) the basis, if any, of his class allegations. This includes, but is not limited to: (i) the number of alleged calls Plaintiff claims to have received and the context of those calls; (ii) Plaintiff's individual interactions with different websites and third-parties, and the consent(s) he provided; (iii) Plaintiff's use of the telephone number on which he allegedly received the calls at issue; (iv) any other telephone numbers associated with Plaintiff; and (v) Plaintiff's adequacy to serve as a class representative.

**Protective Order/ESI:** The Parties agree that most of the discovery in this case will be

electronic. The Parties will seek to stipulate or agree to the form or forms in which electronic discovery should be produced or otherwise made available. Although the Parties will seek to reach agreement on the form for production of electronically stored information, the Parties do not waive their right to object to any requested form, as permitted by Federal Rule of Civil Procedure 34(b)(2)(D), and to produce documents as they are kept in the usual course of business under Rule 34(b)(2)(E). The Parties are continuing to evaluate ESI and will submit a proposed ESI Order if necessary.

The parties propose the following schedule and information required by the Court's Order:

| EVENT | DEADLINE/DATE |
|---|---|
| Initial Disclosures | October 10, 2024 |
| Anticipated Number of Depositions | Up to 5 |
| **Defendant's Proposal on Completion of Fact Discovery** | Phase 1: February 7, 2025 (individual discovery).<br><br>Phase 2: July 1, 2025 (class discovery). |
| **Plaintiff's Proposal on Completion of Fact Discovery** | April 30, 2025 |
| Plaintiff Expert Reports | By May 19, 2025 |

| | |
|---|---|
| Defendant's Expert Reports | 30 days following Plaintiff's Expert Reports |
| All Expert Discovery Completed | 75 days following the Plaintiff's Expert Reports |
| Class Certification filing deadline | By August 19, 2025 |
| Summary Judgment filing deadline | To occur no less than 120 days after the Court's ruling on class certification |
| Status Conference post MSJ and Class Certification | TBD |
| Final Pre-Trial Order | TBD |
| Trial | TBD |

**4. Settlement**

The parties have complied with their obligation under the Court's Order regarding settlement.

**5. Consent.**

The parties do not unanimously consent to proceed before a Magistrate Judge.

Dated: September 23, 2024

                                                    PLAINTIFF,
                                                    By his attorneys

                                                    */s/ Anthony I. Paronich*
                                                    Anthony I. Paronich
                                                    Paronich Law, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

DEFENDANT,
By its attorneys
/s/ *Kevin J. Cole*
KJC Law Group, A.P.C.
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797

CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2024, I electronically filed the foregoing through the Court's CM/ECF System.

*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*