**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JORGE ROJAS, on behalf of himself and all others similarly situated, | Case No. 1:24-cv-05166 |
| Plaintiff, | Honorable Elaine E. Bucklo |
| v. | |
| TAX RELIEF HELPERS, INC., | |
| Defendant. | |

## DEFENDANT TAX RELIEF HELPERS, INC.'s RESPONSES TO PLAINTIFF's FIRST SET OF DISCOVERY REQUESTS

Defendant Tax Relief Helpers, Inc. ("TRH" or "Defendant") hereby responds to Plaintiff Jorge Rojas's ("Plaintiff") First Set of Discovery Responses as follows:

## I. PRELIMINARY STATEMENT

These objections and/or responses are made to the best of Defendant's present knowledge, information, and belief, and are made without prejudice to Defendant's right to produce additional relevant evidence and information that may come to light regarding the issues raised in this action, and/or to supplement these objections and/or responses. Defendant continues its investigation in this action. Without in anyway obligating itself to do so, Defendant reserves the right to amend, modify, supplement, clarify, or further explain these responses at any time in the future, and to make use of, rely on, or introduce at any hearing any subsequently discovered information or documents, or information or documents omitted from these responses as a result of mistake, error, oversight, or inadvertence. If any party subsequently asserts an interpretation of any request or interrogatory that differs from Defendant's current understanding of the request or interrogatory, Defendant reserves the right to supplement its objections, responses, or both.

1

In addition to all other rights that the appropriate procedural and evidentiary rules provide, these responses are made without waiving any pertinent objections regarding any subsequent evidentiary use of these responses, or any documents produced pursuant to these responses, including (without limitation) any objections as to the admissibility, relevance, or materiality.

No incidental or implied admissions are intended by these objections and/or responses. The fact that Defendant has objected and/or responded to any request or interrogatory, or part thereof, shall not be deemed an admission that Defendant accepts or admits that these requests or interrogatories are proper, the existence of any facts set forth or assumed by such request or interrogatory, or that the response or objection constitutes admissible evidence. The fact that Defendant has objected and/or responded to part or all of any request or interrogatory is not intended to be, and shall not be construed as, a waiver by Defendant of any objection to any request or interrogatory or admission that the requests or interrogatories are proper.

## II. GENERAL OBJECTIONS

### A. Interrogatories.

Subject to and without waiving the foregoing, in addition to any specific objections that may be made to the separate requests or interrogatories set forth below, Defendant objects generally to each request or interrogatory as follows:

Defendant objects to any request or interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. To the extent that any request or interrogatory can be construed as seeking information subject to such privilege and/or doctrine, Defendant hereby asserts such privilege and/or invokes the work-product doctrine.

2

Defendant also objects to any request or interrogatory to the extent that it seeks information containing protected confidential, sensitive, proprietary, or trade secret information. To the extent that any request or interrogatory can be construed as seeking information protected by a right or duty not to disclose confidential, sensitive, proprietary, or trade secret information, Defendant hereby invokes such right or duty.

Defendant also objects to any request or interrogatory to the extent that it is overly broad, unduly burdensome, vague, and unintelligible and seeks information that is duplicative of materials or information previously requested and/or produced, irrelevant, and not proportional to the needs of the case.

Defendant also objects to any request or interrogatory to the extent that it calls for the disclosure of information or documents that are not in Defendant's possession, custody, or control. Defendant also objects to any request or interrogatory to the extent that it requires Defendant to disclose information equally available to Plaintiff from other sources or from the public domain.

Defendant specifically incorporates each of these general objections into the specific objections and/or responses set forth below, and each response is made subject to and without waiving such objections. Defendant may repeat a general objection for emphasis or for some other reason. The failure to repeat any general objection does not waive any general objection to the request or interrogatory.

**B. Document Requests.**

1.      Defendant objects to each of the requests to the extent that they are overbroad, irrelevant, and not proportional to the needs of the case, particularly to the extent they purport to require the production of "all" documents or "all" communications on a given subject.

2.      Defendant objects to each of the requests to the extent that they seek information that is protected from discovery or disclosure by the work product doctrine, the attorney-client privilege, or any other constitutional, statutory, or judicially recognized privilege, immunity, right of confidentiality or other protection from discovery or disclosure.

3.      Defendant objects insofar as the requests seek information that is irrelevant to the subject matter of the pending litigation.

4.      Defendant objects to the instructions and definitions in the requests on the ground that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, and harassing; and to the extent that they seek to impose obligations and demands on Defendant beyond those contemplated by the Federal Rules of Civil Procedure, Local Rules, and Court Order.

5.      Defendant objects to each of the requests to the extent that they seek Defendant's confidential or proprietary information, or the confidential information of third-parties, and confidential information about Defendant's operations and sales.  Any such production by Defendant is conditional upon the Court's entry of a stipulated Protective Order and will be subject to the terms thereof.

6.      Defendant objects to the instructions to the extent they require searching or producing metadata and to the extent they purport to require production in a specified format. Defendant objects, at this time, to producing documents in native format and/or always searching or producing metadata.  Those requirements may be appropriate for certain requests, but would be unduly burdensome and disproportionate to the needs of the case for other requests.

7.      Defendant objects to each of the requests to the extent that the burden or expense of responding to such request outweighs the benefit of such discovery, and is disproportional to the needs of the case considering the issues at stake at this stage of the proceedings.

8.      Defendant objects insofar as the requests are vague and overbroad as to time.

The responses provided herein, and all information provided by Defendant in response to Plaintiff's requests, are based on information known at this time, and are made without prejudice to Defendant's right to amend or supplement these responses, as necessary.

### III. OBJECTIONS AND RESPONSES TO INTERROGATORIES

1.      Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections.  Defendant also objects on the grounds this interrogatory is unduly burdensome and seeks information irrelevant to this action.  Subject to and without waiving any of its objections, Defendant responds to this interrogatory as follows: Hector Lopez, Defendant's Information Technology Manager.

2.      Identify all employees or vendors involved in making outbound calls as part of your contact to the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections.  Defendant objects specifically to this interrogatory because it is overbroad, irrelevant, and unduly burdensome.  *See*, *e.g.*, *BankDirect Cap. Fin., LLC v. Capital Premium Financing, Inc.*, No. 15 C 10340, 2018 WL 946396, at *4 (N.D. Ill. 2018) ("Unless the requestor can demonstrate that the materials sought are relevant, judges should not hesitate to exercise appropriate control over the discovery process."); *Hills v. AT&T Mobility Services, LLC*, No. 3:17-CV-556-JD-MGG, 2021

WL 3088629, at *4 (N.D. Ind. 2021) ("[W]hen the discovery request is overly broad or relevancy is not apparent, the requesting party must establish relevancy"); *Vakharia v. Swedish Covenant Hosp.*, No. 90 C 6548, 1994 WL 75055, at *2 (N.D. Ill. 1994) ("The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. Parties are entitled to a reasonable opportunity to investigate the facts—and no more.").

First, this interrogatory is overbroad because the term "telemarketing calls to generate leads" could have many meanings related to many different activities, and it is unclear what Plaintiff is seeking, specifically. Second, this interrogatory is irrelevant because Plaintiff's claim does not bear on which of Defendant's employees allegedly made "outbound calls," only that certain "outbound calls" were allegedly made. Third, this interrogatory is unduly burdensome because it demands that Defendant state which of its employees made "outbound calls" over a four-year period.

Subject to and without waiving those objections, Defendant responds to this interrogatory as follows: Lars Moller, Don Moss, Desiree Szakacs, and Alex Rodriguez.

3.     Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**ANSWER**:

Defendant restates and incorporates by reference all of its General Objections. Defendant objects specifically to this interrogatory because it is overbroad, irrelevant, and unduly burdensome. *See, e.g., BankDirect Cap. Fin., LLC*, 2018 WL 946396, at *4; *Hills*, 2021 WL 3088629, at *4; *Vakharia*, 1994 WL 75055, at *2. Subject to and without waiving any of its objections, Defendant responds to this interrogatory as follows:

Defendant (i) identifies IRS debtors who may be eligible for an IRS payment deferment program called "Currently Not Collectible" ("CNC")—but *only after* debtors first contact Defendant first—and then (ii) works with the IRS to classify eligible debtors in CNC status. In general, if the IRS agrees that a debtor cannot both pay taxes and basic living expenses, it will agree to place the debtor's account in CNC status. If a debtor's account is in CNC status, the IRS generally will not attempt to collect from that debtor, such as by levying the debtor's assets and income. However, the IRS will still assess interest and penalties to the debtor's account. To qualify for CNC status, the IRS requires debtors to provide extensive financial information—and Defendant's expertise is in convincing the IRS that eligible clients do qualify for CNC status. In connection with offering these services, Defendant's customer service representatives make phone calls to existing or prospective clients who request to be contacted (like Plaintiff, who reached out to Defendant and provided his phone number).

4. Identify all sub-vendors or other third parties involved in any contact that is responsive to Interrogatory No. 2.

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections. Defendant objects specifically to this interrogatory because it is overbroad and unduly burdensome. *See, e.g.*, *BankDirect Cap. Fin., LLC*, 2018 WL 946396, at *4; *Hills*, 2021 WL 3088629, at *4; *Vakharia*, 1994 WL 75055, at *2. Subject to and without waiving those objections, Defendant responds to this interrogatory as follows: Defendant does not hire vendors to make outbound calls; Defendant's employees make and receive calls to and from existing and prospective customers. Defendant does, however, work with "The Blacklist Alliance," to ensure that it complies with the requirements of the TCPA and its attendant regulations. *See* https://www.blacklistalliance.com/.

5.      Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**ANSWER**:

Defendant incorporates its prior objections and responses by reference. Subject to and without waiving those objections, Defendant responds to this interrogatory as follows: Lars Moller, Don Moss, Desiree Szakacs, and Alex Rodriguez.

6.      If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER:**

Defendant incorporates its prior objections and responses by reference. Subject to and without waiving those objections, Defendant responds to this interrogatory as follows: Defendant does not engage in phone solicitation; it only makes telephone calls to individuals who either (i) are existing customers of Defendant who wish (and need to be) contacted so that Defendant can provide the services for which those customers have paid, or (ii) contact Defendant seeking information about Defendant's services, and who request that Defendant call them back. In the case of Plaintiff, he initiated contact with Defendant in or around May 2024, requesting that Defendant call him to discuss its services.

7.      If you contend that any putative class member provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained and the language present on the website it was contained on.

///

8

**ANSWER:**

Defendant incorporates its prior objections and responses by reference. Defendant also objects because no class has been certified, and so there is no "putative class." Subject to and without waiving those objections, Defendant responds to this interrogatory as follows: Defendant does not engage in phone solicitation; it only makes telephone calls to individuals who either (i) are existing customers of Defendant who wish (and need to be) contacted so that Defendant can provide the services for which those customers have paid, or (ii) contact Defendant seeking information about Defendant's services, and who request that Defendant call them back. In the case of Plaintiff, he initiated contact with Defendant in or around May 2024, requesting that Defendant call him to discuss its services.

8. If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER:**

Defendant incorporates its prior objections and responses by reference. Subject to and without waiving those objections, Defendant responds to this interrogatory as follows: Defendant does not "contend that a third party made the calls alleged in the complaint."

9. Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ANSWER:**

Defendant incorporates its prior objections (including, specifically, to the extent this request violates the attorney-client privilege) and responses by reference. Subject to and without waiving those objections, Defendant responds to this interrogatory as follows: None (aside from communications with Defendant's counsel).

9

10.    Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER:**

Defendant restates and incorporates by reference all of its General Objections.  Defendant objects specifically to this interrogatory because it is overbroad and unduly burdensome.  *See*, *e.g.*, *BankDirect Cap. Fin., LLC*, 2018 WL 946396, at *4; *Hills*, 2021 WL 3088629, at *4; *Vakharia*, 1994 WL 75055, at *2.  Subject to and without waiving any of its objections, Defendant responds to this interrogatory as follows: Defendant uses Voice over Internet Protocol (telephones) to contact its customers.

11.    State all facts in support of any affirmative defenses you have raised.

**ANSWER**:

Defendant restates and incorporates by reference all of its General Objections.  Defendant objects specifically to this interrogatory because it is overbroad and unduly burdensome.  *See*, *e.g.*, *BankDirect Cap. Fin., LLC*, 2018 WL 946396, at *4; *Hills*, 2021 WL 3088629, at *4; *Vakharia*, 1994 WL 75055, at *2.  Subject to and without waiving any of its objections, Defendant responds to this interrogatory as follows:

**First Affirmative Defense (Prior Express Consent)**

In or around May 2024, Plaintiff called Defendant, wishing to speak about Defendant's tax resolution services (or at least, Plaintiff pretended he was interested in learning about Defendant's services).  Defendant has no record whatsoever of leaving a prerecorded voicemail message on Plaintiff's telephone before he initially contacted Defendant.  When Plaintiff called Defendant, he initially spoke with three of its sales representatives—Lars Moller, Don Moss, and Desiree Szakacs—purportedly to inquire about tax resolution services.  Plaintiff voluntarily provided his

phone number to Defendant, and explicitly requested that Defendant contact him. In other words, Defendant only contacted Plaintiff because he asked to be contacted.

**Second Affirmative Defense (Prior Express Invitation or Permission)**

In or around May 2024, Plaintiff called Defendant, wishing to speak about Defendant's tax resolution services (or at least, Plaintiff pretended he was interested in learning about Defendant's services). Defendant has no record whatsoever of leaving a prerecorded voicemail message on Plaintiff's telephone before he initially contacted Defendant. When Plaintiff called Defendant, he initially spoke with three of its sales representatives—Lars Moller, Don Moss, and Desiree Szakacs—purportedly to inquire about tax resolution services. Plaintiff voluntarily provided his phone number to Defendant, and explicitly requested that Defendant contact him. In other words, Defendant only contacted Plaintiff because he asked to be contacted.

**Third Affirmative Defense (Established Business Relationship)**

Plaintiff voluntarily provided his phone number. Defendant contacted Plaintiff at his request only, and Defendant communicated with Plaintiff due solely to his desire—or feigned desire—to receive tax resolution services from Defendant.

**Fourth Affirmative Defense (Good Faith and Bona Fide Error)**

Defendant does not engage in unsolicited telemarketing practices. Instead, it contacts prospective and actual customers—like Plaintiff—who request to be contacted in order to learn about or receive tax resolution services from Defendant.

**Fifth Affirmative Defense (Unconstitutional Content-Based Restriction on Speech)**

This is a legal defense. To the extent Plaintiff seeks any facts in connection with this affirmative defense, Defendant objects because the interrogatory calls for a legal conclusion.

///

11

**Sixth Affirmative Defense (Unconstitutional Vagueness and Overbreadth)**

This is a legal defense. To the extent Plaintiff seeks any facts in connection with this affirmative defense, Defendant objects because the interrogatory calls for a legal conclusion.

**Seventh Affirmative Defense (Excessive Penalties, Due Process)**

This is a legal defense. To the extent Plaintiff seeks any facts in connection with this affirmative defense, Defendant objects because the interrogatory calls for a legal conclusion.

**Eighth Affirmative Defense (Bad Faith/Unclean Hands)**

Plaintiff voluntarily provided his phone number. Defendant contacted Plaintiff at his request only, and Defendant communicated with Plaintiff due solely to his desire to receive tax resolution services from Defendant. Plaintiff sought out Defendant and specifically requested Defendant contact him.

**Ninth Affirmative Defense (Waiver and Estoppel)**

Plaintiff voluntarily provided his phone number. Defendant contacted Plaintiff at his request only, and Defendant communicated with Plaintiff due solely to his desire to receive tax resolution services from Defendant. Plaintiff sought out Defendant and specifically requested Defendant contact him.

**Tenth Affirmative Defense (Comparative Fault)**

Plaintiff voluntarily provided his phone number. Defendant contacted Plaintiff at his request only, and Defendant communicated with Plaintiff due solely to his desire to receive tax resolution services from Defendant. Plaintiff sought out Defendant and specifically requested Defendant contact him.

///

///

**Eleventh Affirmative Defense (Third-Party Acts)**

Defendant has no record whatsoever of leaving a prerecorded voicemail message on Plaintiff's telephone before he initially contacted Defendant. It is likely—and discovery may reveal—that some other entity with whom Defendant has no relationship contacted Plaintiff (and that Plaintiff is mistaken about Defendant's involvement).

**Twelfth Affirmative Defense (Indemnity and Contribution)**

Defendant has no record whatsoever of leaving a prerecorded voicemail message on Plaintiff's telephone before he initially contacted Defendant. It is likely—and discovery may reveal—that some other entity with whom Defendant has no relationship contacted Plaintiff (and that Plaintiff is mistaken about Defendant's involvement). And so, if discovery bears that out, Defendant reserves the right to seek indemnity.

12. Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER**:

Defendant does not engage in phone solicitation; it only makes telephone calls to individuals who either (i) are existing customers of Defendant who wish (and need to be) contacted so that Defendant can provide the services for which those customers have paid, or (ii) contact Defendant seeking information about Defendant's services, and who request that Defendant call them back. Defendant also works with "The Blacklist Alliance," to ensure that it complies with

the requirements of the TCPA and its attendant regulations. *See* https://www.blacklistalliance.com/.

## IV. OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

1.    Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant will produce all such non-privileged documents in its possession, custody, or control.

2.    Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Defendant objects specifically to this request because it is overbroad, irrelevant, and unduly burdensome. *See, e.g.*, *BankDirect Cap. Fin., LLC v. Capital Premium Financing, Inc.*, No. 15 C 10340, 2018 WL 946396, at *4 (N.D. Ill. 2018) ("Unless the requestor can demonstrate that the materials sought are relevant, judges should not hesitate to exercise appropriate control over the discovery process."); *Hills v. AT&T Mobility Services, LLC*, No. 3:17-CV-556-JD-MGG, 2021 WL 3088629, at *4 (N.D. Ind. 2021) ("[W]hen the discovery request is overly broad or relevancy is not apparent, the requesting party must establish relevancy"); *Vakharia v. Swedish Covenant Hosp.*, No. 90 C 6548, 1994 WL 75055, at *2 (N.D. Ill. 1994) ("The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. Parties are entitled to a reasonable opportunity to investigate the facts—and no more.").

Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant will produce all such non-privileged documents in its possession, custody, or control.

3.     Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant will produce all such non-privileged documents in its possession, custody, or control.

4.     Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant has no such documents in its possession, custody, or control.

5.     Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections.  Defendant objects specifically to this request because it is overbroad and unduly burdensome.  Among other

things, the request is overbroad because it seeks information about "complaints" "concerning outbound calls," which is broad enough to encompass any complaint ever made by a customer concerning Defendant's services. Defendant has no way of aggregating this data specific to Plaintiff's TCPA claims (or even TCPA claims generally).

6.      All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant has no such documents in its possession, custody, or control.

7.      All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant has no such documents in its possession, custody, or control.

8.      All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant has no such documents in its possession, custody, or control.

9.      All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant has no such documents in its possession, custody, or control.

10. All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant has no such documents in its possession, custody, or control.

11. All communications regarding any lead generation or customer acquisition services you perform by permitting third parties to make telemarketing calls.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant has no such documents in its possession, custody, or control. (Defendant makes its own calls.)

12. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

///

17

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant has no such documents in its possession, custody, or control.

13.     Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant has no such documents in its possession, custody, or control.

14.     Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a)  compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b)  obtaining or verifying prior express consent;

c)  complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections. Defendant objects specifically to this request because it is overbroad and unduly burdensome. Subject to and

without waiving any of its objections, Defendant responds to this request as follows: Defendant will produce relevant communications with "The Blacklist Alliance," to prove its compliance with the requirements of the TCPA and its attendant regulations.

15.     Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors on any lead generation or customer acquisition campaigns, including, but not limited, to the campaign that contacted the Plaintiff by Manish Damania and Shiftastik International Pvt. Ltd. This includes, but is not limited to, the following information:

- the date and time;

- the caller ID;

- any recorded message used;

- the result;

- identifying information for the recipient; and

- any other information stored by the call detail records.

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant has no such documents in its possession, custody, or control.

16.     All communications with any third party concerning this litigation other than your attorney.

///

///

///

19

**RESPONSE:**

Defendant restates and incorporates by reference all of its General Objections. Subject to and without waiving any of its objections, Defendant responds to this request as follows: Defendant has no such documents in its possession, custody, or control.

DATED: November 11, 2024          Respectfully submitted,

                                 **TAX RELIEF HELPERS, INC.**


                       By:    */s/ Kevin J. Cole*
                              Kevin J. Cole, Esq. (kevin@kjclawgroup.com)
                              **KJC LAW GROUP, A.P.C.**
                              20 N. Clark Street, Suite 3300
                              Chicago, Illinois 60602
                              Telephone: (310) 861-7797

                              *Attorneys for Defendant*
                              *Tax Relief Helpers, Inc.*

## <u>PROOF OF SERVICE</u>

I, Chen Wang, declare that I am over the age of 18 years, and am not a party to the within action. I am employed in the County of Los Angeles, California, where the mailing occurs, and my business address is 9701 Wilshire Blvd., Suite 1000, Beverly Hills, CA 90212.

On November 11, 2024, I served the following documents on the party listed below by e-mailing them to the person at the e-mail address listed below, based on the parties' agreement to accept service electronically:

➢ **DEFENDANT TAX RELIEF HELPERS, INC.'s RESPONSES TO PLAINTIFF's FIRST SET OF DISCOVERY REQUESTS**

<u>Attorneys for Plaintiff:</u>

Anthony I. Paronich, Esq.
 *Anthony@ParonichLaw.com*
**Paronich Law, P.C.**
350 Lincoln St, Suite 2400
Hingham, MA 02043

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 11, 2024 in Los Angeles, California.

_____
Chen Wang