# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JORGE ROJAS,** on behalf of himself and all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **TAX RELIEF HELPERS, INC.** <br><br> *Defendant*. | Case No. 1:24-cv-05166 <br><br> Hon. Elaine Bucklo |

## RESPONSE TO DEFENDANT'S MOTION FOR JOINDER

Comes now the Plaintiff, Jorge Rojas, and files this response to Defendant Tax Relief Helpers, Inc.'s Motion to Join James Schwindt and SAS – Smart Automation Systems (ECF No. 26). This is a perplexing motion that is not supported by the law or the current record in discovery, but the Plaintiff submits that the Court should start at the beginning with this motion: the relief sought is contradictory to what Tax Relief Helpers, Inc. *has already stipulated to*, which is that they would file a Third-Party Complaint against these two entities by March 5, 2025. *See* ECF No. 23. However, when that deadline approached, and likely because Tax Relief Helpers has indicated that it continues its relationship with Mr. Schwindt, Tax Relief has now pivoted to claiming that it is the Plaintiff that should bring the parties into the case that they already committed to do. Legally, Tax Relief is wrong that Motion for Joinder is the proper solution and factually what they seek is impossible, as Tax Relief has failed to prevent any documents related to its relationship with either entity. In other words, even if Mr. Rojas wanted to bring such a claim, he could not. Tax Relief Helpers hasn't complied with its discovery

obligation and stipulation to produce correspondence and agreements with these entities by March 5, 2025.[1] *See* ECF No. 23.

FED. R. CIV. P. 19 addresses required joinder of parties. In relevant parts, Rule 19 requires this Court to join a party if *either* "in that person's absence, the court cannot accord complete relief among existing parties"; *or* if James Schwindt and/or SAS – Smart Automation Systems claims an interest relating to the subject of the action. *Id.* 19(a)(1)(A) and (a)(1)(B) *et seq*. With respect to the Plaintiff, neither of these conditions are met, and the Plaintiff is not required to join James Schwindt and SAS – Smart Automation Systems as Defendants and assert claims against them.

The first question to be addressed under Rule 19(a) is whether the court can provide the *existing parties* with "complete relief" in the absence of James Schwindt and SAS – Smart Automation Systems. FED. R. CIV. P. 19(a)(1)(A). It unquestionably can without Plaintiff being required to join James Schwindt and SAS – Smart Automation Systems. The term "complete relief" refers only "to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992) (cleaned up); *see also Varlen Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2011 WL 3664796, at *4 (N.D. Ill. Aug. 17, 2011) ("Rule 19(a)(1)(A) is designed to protect the interests of those parties [to the litigation] only.").

"The fact that requested relief would affect nonparties does not preclude complete relief between the current parties, as would be required to justify compulsory joinder." *Su v. Su*, 672 F. Supp. 3d 573, 588 (N.D. Ill. 2023). To the extent that Tax Relief feels it has a claim for contribution or indemnification against James Schwindt and SAS – Smart Automation Systems

---

[1] A separate motion is being filed to address that failure.

or related claims, such as for breach of contract, it might be permitted to and can either bring a Third-Party Complaint or separate action against James Schwindt and SAS – Smart Automation Systems for the same, *as it already agreed to do*. The fact that relief might *affect* non-parties such as James Schwindt and SAS – Smart Automation Systems does not preclude complete relief between the current parties. *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006) (upholding the district court's denial of an absent party's motion to dismiss for failure to join pursuant to Rule 19, even where there was "no question that further litigation between [the absent party and the defendant was] ... inevitable"). Indeed, the Plaintiff is able to minimally secure the injunction he seeks against the current party. *See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 78 (N.D. Ill. 2024) ("The court can certainly enjoin Allied from making prohibited calls on its own or engaging someone to make those calls in the future. Thus, the court can accord complete relief among the existing parties.")

The second question under Rule 19(a), is whether the person *sought to be joined* (i.e. James Schwindt and SAS – Smart Automation Systems), claims an interest relating to the subject of the action and that proceeding in this matter will endanger that interest or otherwise threaten to "whipsaw an existing party with inconsistent obligations." FED. R. CIV. P. 19(a)(1)(B); *J.P. Morgan Chase Bank, N.A. v. McDonald*, 760 F.3d 646, 653 (7th Cir. 2014). Importantly, the rule speaks to *obligations*, not inconsistent *judgments* or *results*. *Id.* Here, James Schwindt and SAS – Smart Automation Systems has not claimed an interest relating to the subject of the action.

Numerous district courts have held that the concerns requiring joinder under Rule 19(a)(1)(B) are simply unmet when one of multiple defendants (or putative defendants) elects to settle the plaintiff's claims against them. "If a person decides not to intervene in the action, it indicates the person does not believe their interest to be at risk, and courts should not question

that decision absent compelling reason." *United States v. San Juan Bay Marina*, 239 F.3d 400, 407 (1st Cir. 2001).

"Where a party is aware of an action and chooses not to claim an interest, the district court does not err by holding that joinder [is] unnecessary." *Altmann v. Republic of Austria*, 317 F.3d 954, 971 (9th Cir. 2002) (cleaned up). This is all the more so because this is a TCPA action and is "not an action to set aside a contract or for breach of contract," where a decision in the Plaintiff's favor would require Tax Relief to eliminate or invalidate its contract with James Schwindt and SAS – Smart Automation Systems. *Dillon v. BMO Harris Bank, N.A.*, 16 F. Supp. 3d 605, 612-13 (M.D.N.C. 2014).

In sum, to the extent the motion seeks to do so, Tax Relief has not shown why James Schwindt and SAS – Smart Automation Systems should be joined as a Defendant or why the Plaintiff should be forced to assert claims as against James Schwindt and SAS – Smart Automation Systems. To the extent that Tax Relief seeks to assert a claim as against James Schwindt and SAS – Smart Automation Systems as a Third Party Plaintiff, the Plaintiff has already stipulated to that relief and leaves Tax Relief to its proofs. However, the Plaintiff should not, and cannot, under the wealth of authority cited, be forced to add in James Schwindt and SAS – Smart Automation Systems as Defendants and pursue claims against James Schwindt and SAS – Smart Automation Systems. To the extent that Tax Relief's motion seeks to do so, it should be denied.

Tax Relief claims that it cannot file the Third-Party Complaint it already committed to file because "claims for common law indemnification and contribution under similar facts are not recognized by the TCPA or the federal common law". *See* ECF No. 26 at *5. However, that is not the case and Tax Relief's position seems to be predicated on the fact that they assert that

no contract exists between them and Mr. Schwindt. However, that position seems to be asserted without support. While it is entirely possible that no written contract exists, Tax Relief's position is that "Mr. Schwindt is a 'lead generator' which is a person who finds potential customers for businesses. TRH purchased some of those leads from Mr. Schwindt where Mr. Schwindt had identified those leads as potential clients who may need tax or debt-relief services." *See* ECF No. 26 at *2. By the nature of their relationship, there is a contract for the agreement to provide services. And unless Tax Relief is claiming that those telemarketing leads were agreed to not be TCPA-compliant (which is inconsistent with their position that they cannot be vicariously liable), there is a claim for contractual indemnity.

Finally, Judge Gettlemen conducted a similar analysis in *Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 78 (N.D. Ill. 2024):

> Finally, even if it were both a necessary party and could not be joined, the court would then have to determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The factors for the court to consider include: 1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; 2) the extent to which any prejudice could be lessened by: A) protective provisions in the judgment; B) shaping the relief; or C) other measures; 3) whether a judgment rendered in the person's absence would be adequate; and 4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 9(b).
>
> Application of these factors favor proceeding with the action rather than dismissal….Second, any judgment entered by the court would be adequate as to plaintiff and Allied. Allied argues that a judgement against it would necessarily mean that Iconic also violated the TCPA, leaving it potentially liable to Allied. Iconic and Consumer Nsight are now in the same position. Each has settled with plaintiff and is not a party to the action but has potential liability to Allied as an indemnitor. But "potential indemnitors have never been considered indispensable, or even parties whose joinder is required if feasible." Pasco Intern. (London) Ltd. V. Stenograph Corp., 637 F.2d 496, 501 (7th Cir. 1980). And, Allied has already sought to protect its interest with respect to Consumer Nsight by moving (successfully) to bring a third-party complaint against it. It can do the same with respect to Iconic. Consequently, the court denies Allied's motion to add Iconic as a necessary party or dismiss the action under Rule 19(b).

The Court should hold the same here.

5

## **CONCLUSION**

At bottom, Tax Relief Helpers cannot have it both ways, it Stipulate that it will file a Third-Party Complaint, then claim the Plaintiff must file that complaint, but fail to provide the Plaintiff with the necessary information to assert a claim that it suggests exists, but that discovery hasn't borne out. The motion should be denied.

|  |  |
|---|---|
| Dated: March 10, 2025 | Attorneys for Plaintiff,<br>By Counsel<br><br>*/s/ Anthony I. Paronich*<br>Anthony I. Paronich<br>PARONICH LAW, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>Telephone: (508) 221-1510<br>anthony@paronichlaw.com |